# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| PATRICIA A. JOHNSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:22-cv-00513 |
| WELLS FARGO BANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES**, Patricia A. Johnson ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Wells Fargo Bank, N.A. ("Wells Fargo"), Equifax Information Services, LLC ("Equifax"), and Transunion, LLC ("Transunion") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Northern District of Ohio, Defendants conduct business in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age.

5. Defendant Wells Fargo is a mortgage company and banking institution with its principal place of business located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. Wells Fargo is engaged in the business of collecting or attempting to collect, directly or indirectly, credit card debt owed or due or asserted to be owed or due using credit reporting, mail, and telephone, including consumers in the State of Ohio. Wells Fargo is a furnisher of information to the major credit reporting agencies, including TransUnion. Equifax, and Experian.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Ohio. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

7. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Ohio. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

## FACTS SUPPORTING CAUSE OF ACTION

8. On April 3, 2014, Plaintiff applied for and obtained a secured Wells Fargo credit card with a credit limit of $500, account number ending in 7593 ("subject debt").

9. At all times relevant, Plaintiff consistently paid her debts on-time, and maintained a positive credit history.

10. On May 10, 2018, Plaintiff placed a call to Wells Fargo to make a lump sum payment of $412 to be taken out of Plaintiff's Huntington National Bank account.

11. On July 6, 2018, Plaintiff reviewed her June 2018 statement regarding the subject debt. To Plaintiff's surprise, Wells Fargo erroneously returned Plaintiff's May 10th payment and marked the subject debt as past due and owing.

12. Despite placing numerous phone calls to Wells Fargo to attempt to resolve this discrepancy, Wells Fargo did not resolve the issue.

13. On July 6, 2018, Plaintiff sent a detailed dispute letter to Wells Fargo indicating that Plaintiff did in fact make a payment on May 10, 2018 and attached a letter from her bank stating that Wells Fargo never attempted to withdraw Plaintiff's May 10th payment.

14. On July 20, 2018, Wells Fargo responded to Plaintiff's detailed dispute letter demonstrating that its representative erroneously added an additional digit to Plaintiff's account number. Specifically, Wells Fargo indicated the following:

> "We want to let you know that your payment of $412.00 on May 10, 2018, was returned due to an invalid account number. Our records indicate the account number entered by the Wells Fargo representative during your phone call included an additional digit than was provided by you. Due to this, the payment was returned due to invalid account number and the funds were never attempted to be taken from the Huntington National Bank account that was referenced in your letter."

15. Since Plaintiff believed that the payment discrepancy was finally realized by Wells Fargo, Plaintiff continued to make more than the minimum requirement payments and on-time payments towards the subject debt.

16. However, in 2021, Plaintiff discovered that Wells Fargo was reporting the subject debt with a 30-day late notation on June 2018 and a 60-day late notation on July 2018 on Plaintiff's Equifax and Transunion credit file.

17. Between March 2021 and July 2021, Plaintiff initiated multiple disputes to Equifax and Transunion attempting to dispute the inaccurate and materially misleading payment history late notations.

18. Specifically, Plaintiff indicated in each of her disputes that Wells Fargo acknowledged in 2018 that it made an error in accepting Plaintiff's May 10, 2018 payment, which is the direct result of the inaccurate reporting of the subject debt by Defendants.

19. At no time did Defendants correct the error and the inaccurate and materially misleading reporting of the subject debt continues to paint a false and damaging picture of Plaintiff's creditworthiness.

## IMPACT OF CONTINUING
## INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILES

20. As of today, Defendant's erroneous and materially misleading reporting of the Wells Fargo account continues to paint a false and damaging image of Plaintiff. Wells Fargo has yet to update the Wells Fargo tradeline to accurately reflect the subject debt as current and not past due.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward after financial hardship.

22. The inaccurate and immaterially misleading reporting of the subject debt continues to have significant adverse effects on Plaintiff's credit rating and her ability to obtain financing because it creates a false impression that Plaintiff is 60-days late on the subject debt, rendering Plaintiff a high risk consumer and damaging her creditworthiness.

23. In order to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a 3-Bureau Credit Report, incurring out of pocket cost.

24. Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and materially misleading reporting of the subject debt after Plaintiff's written dispute back in 2018.

25. As a result of the conduct, actions, and inaction of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

26. Due to the conduct of the Defendant, Plaintiff was forced to retain counsel to resolve the materially misleading credit reporting of the Wells Fargo trade line.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff restates and reallages paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

29. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

30. Wells Fargo is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

31. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

32. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, TransUnion, Equifax, and Plaintiff.

33. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian, TransUnion, Equifax, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

34. Had Wells Fargo reviewed the information provided by Experian, TransUnion, Equifax, and Plaintiff, it would have corrected the materially misleading designation of the subject debt, transmitting the correct information to Experian, TransUnion, and Equifax. Instead, Wells Fargo wrongfully and erroneously confirmed its inaccurate and misleading reporting without conducting a reasonable investigation.

35. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with Experian, Equifax, and TransUnion.

36. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian, Equifax, and TransUnion after being put on notice and discovering inaccurate and materially misleading reporting with respect to the subject debt.

37. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate and misleading information from appearing and reappearing on Plaintiff's credit files.

38. Wells Fargo failed to conduct a reasonable investigation of its reporting of the subject debt, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

39. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Wells Fargo did not correct the errors or the trade line to report accurately and

completely. Instead, Wells Fargo wrongfully furnished and re-reported the inaccurate, incomplete and materially misleading information after Plaintiff's disputes to one or more third parties.

40. A reasonable investigation by Wells Fargo would have confirmed the veracity of Plaintiff's disputes, yet the misleading information continues to be reported in Plaintiff's credit files.

41. Had Wells Fargo taken steps to investigate Plaintiff's valid disputes or Equifax and TransUnion's requests for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support her valid disputes in her requests for investigation.

42. By deviating from the standards established by the credit card servicing industry and the FCRA, Wells Fargo acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion and Equifax.

**WHEREFORE,** Plaintiff PATRICIA A. JOHNSON respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
a. An order directing that Wells Fargo immediately delete all of the inaccurate and misleading information from Plaintiff's credit reports and credit files;
b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
c. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
f. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

43. Plaintiff restate and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

45. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

46. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

47. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

48. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

49. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

50. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

51. Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that she was not past due on the subject debt.

52. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by inaccurately reporting the subject debt, when it should have been removed from her consumer credit report.

53. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff and re-issued these reports to third parties.

54. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete the information in Plaintiff's credit files.

55. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Wells Fargo. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Wells Fargo regarding Plaintiff's dispute that Equifax received from Plaintiff.

56. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

57. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

58. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

59. Equifax knew that the inaccurate reporting of the subject debt in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

60. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

61. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

62. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

63. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

64. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting her credit information accurately.

65. Equifax acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put Equifax on notice that the subject debt was reporting erroneously.

66. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

67. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE,** Plaintiff, PATRICIA A. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST TRANSUNION)

68. Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

70. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

71. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

72. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

73. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

74. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

75. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

76. Plaintiff provided TransUnion with all relevant information in her request for investigation to reflect that she was not past due on the subject debt.

77. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt, when it should have been removed from her consumer credit report.

78. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer report concerning Plaintiff.

79. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit file.

80. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Wells Fargo. Upon information and belief, TransUnion also failed to include all relevant

information as part of the notice to Wells Fargo regarding Plaintiff's dispute that TransUnion received from Plaintiff.

81. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

82. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

83. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

84. TransUnion knew that the inaccurate reporting of the subject debt would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

85. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

86. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

87. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

88. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

89. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

90. TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject debt after Plaintiff put TransUnion on notice that she was never past due on the subject debt.

91. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such file, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

92. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE,** Plaintiff, PATRICIA A. JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 31, 2022

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com