IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| PATRICIA A. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WELLS FARGO BANK, N.A., EQUIFAX )<br>INFORMATION SERVICES, LLC, and )<br>TRANSUNION, LLC, )<br>)<br>Defendants. )<br>) | Case No. 1:22-cv-00513<br><br>Judge: Hon. Bridget Meehan Brennan |

**DEFENDANT WELLS FARGO'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS**

NOW COMES, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), and pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows for its Memorandum of Law in support of its Motion to Dismiss Count I of Plaintiff Patricia A. Johnson's Complaint.

**INTRODUCTION**

Count I of Plaintiff's Complaint against Wells Fargo should be dismissed with prejudice because Plaintiff's allegations are not sufficient to establish the elements of her claim. In her Complaint, Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA") related to the duty of a furnisher of information to provide accurate information. (Dkt. 1 ¶¶ 27-42). According to Plaintiff, Equifax information Services, LLC ("Equifax") and TransUnion LLC ("TransUnion") (collectively, the "Consumer Reporting Agencies" or "CRAs") incorrectly reported a late payment on Plaintiff's Wells Fargo line of credit. Plaintiff claims that Wells Fargo is liable for the Consumer Reporting Agencies' incorrect reporting because Wells Fargo failed to "conduct an investigation

with respect to the disputed information." (Id. ¶ 32). However, Plaintiff fails to allege facts sufficient to state a claim under the FCRA.

*First*, Plaintiff fails to allege that the CRAs notified Wells Fargo of the dispute. Without a notification from Consumer Reporting Agencies, Wells Fargo had no duty to investigate. Since Wells Fargo had no duty to investigate, Plaintiff's claim fails as a matter of law.

*Second*, Plaintiff does not allege that the information Wells Fargo furnished was inaccurate. Absent an allegation of inaccuracy, there could be no violation of the FCRA.

*Third*, Plaintiff fails to sufficiently allege damages. Plaintiff makes only conclusory allegations regarding her credit score and mental health. Plaintiff fails to plausibly allege that her score would have been higher *but for* Wells Fargo's alleged FCRA violations.

*Fourth*, Plaintiff fails to sufficiently allege that Wells Fargo willfully violated the FCRA. Plaintiff merely brings conclusory allegations claiming that Wells Fargo failed to comply with the FCRA, which is insufficient to state a claim for a willful violation. For all these reasons, described below, Plaintiff's FCRA claim (Count I) against Wells Fargo should be dismissed with prejudice.

## ALLEGATIONS IN THE COMPLAINT

On or about May 10, 2018, Plaintiff attempted to make a lump sum payment to her Wells Fargo credit card, account ending in 7593 ("Subject Debt"). (Dkt. 1 ¶¶ 8 & 10). However, because Plaintiff incorrectly provided her account number when attempting payment, Wells Fargo marked the Subject Debt as past due and owing. (*Id.* ¶¶ 11 & 14). Plaintiff sent a dispute letter on July 6, 2018, to which Wells Fargo responded on July 20, 2018. (*Id.* ¶¶ 13-14). Plaintiff alleges that, after this exchange, she "believed that the payment discrepancy was finally realized by Wells Fargo." (*Id.* ¶ 15). Then, in 2021, Plaintiff allegedly discovered that Wells Fargo was reporting the Subject

Debt with a 30-day and 60-day late notation on Plaintiff's Equifax and TransUnion credit files. (*Id.* ¶ 16).

However, Plaintiff also admits that there is nothing that Wells Fargo could have done to help correct the CRAs' reporting. Plaintiff repeatedly admits that Equifax and Transunion possessed all the information required for them to correctly report her account. (*Id.* ¶¶ 17, 51, 56, 61, 76, 81, 86). Plaintiff also alleges that she "initiated multiple disputes to Equifax and TransUnion," but that neither of the CRAs "correct[ed] the error." (*Id.* ¶¶ 17-18). Plaintiff never alleges that Equifax or TransUnion informed Wells Fargo of Plaintiff's dispute.

## **LEGAL STANDARD**

"To survive a motion to dismiss, the complaint must present 'enough facts to state a claim for relief that is plausible on its face.'" *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not accept "bare assertions," "legal conclusions," or "unwarranted factual inferences." *Total Benefits*, 552 F.3d at 434; *B. & V. Distrib. Co., Inc. v. Dottore Co., LLC*, 278 F.App'x 480, 484 (6th Cir. 2008). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). *Iqbal* clarifies that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**ARGUMENT**

I. **Plaintiff fails to adequately allege that Wells Fargo had a duty to investigate under the FCRA.**

The Sixth Circuit has repeatedly held that a furnisher's duty to investigate under the FCRA is not triggered until the consumer files a dispute with a consumer reporting agency and the agency notifies the furnisher. *See Merritt v. Experian*, 560 F. App'x 525, 528–29 (6th Cir. 2014) ("'Furnishers' of information to consumer reporting agencies do have certain responsibilities to investigate [under the FCRA]—but *only after* receiving a request from a consumer reporting agency to respond to a dispute.") (emphasis added); *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853–54 (6th Cir. 2004) (explaining that to implicate § 1681s–2(b)'s duty that a furnisher of information conduct an investigation "the plaintiff must show that the furnisher received notice from a consumer reporting agency.") (citation omitted).

Here, Plaintiff does not adequately plead that Wells Fargo received proper notice of the dispute, as required by the FCRA. *See Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute."). Without any supporting facts or inferences, Plaintiff simply states that, "Wells Fargo violated [the FCRA] by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian, TransUnion, Equifax, and Plaintiff." (Dkt. 1 ¶ 32). Yet, contrary to this allegation, Plaintiff also states that Equifax "violated 15 U.S.C. 1681(a)(2) [of the FCRA] by ***failing to provide notification*** of Plaintiff's dispute to Wells Fargo." (*Id.* ¶ 55) (emphasis added). Likewise, Plaintiff alleges that TransUnion "violated 15 U.S.C. 1681(a)(2) [of the FCRA] by ***failing to provide notification*** of Plaintiff's dispute to Wells Fargo." (*Id.* ¶ 80) (emphasis added). In fact, the

4

only allegations by Plaintiff regarding notice of a dispute involve Plaintiff personally contacting Wells Fargo and the Consumer Reporting Agencies. These allegations, without facts showing that Wells Fargo received notice from the Consumer Reporting Agencies is not enough to trigger a duty to investigate under the FCRA. *See Brown*, 507 F. App'x at 547 ("Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint.") (citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)).

Courts in this District routinely dismiss similar FCRA claims where plaintiffs "do not allege that the [furnisher] Defendants received notice of a dispute from a credit reporting agency." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 849–50 (N.D. Ohio 2010) (dismissing FCRA claim for lack of notice from CRA); *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 737 (N.D. Ohio 2005) (dismissing FCRA claim because there was "no allegation that a consumer reporting agency notified the Defendants of a dispute that would trigger the duty to undertake an investigation."); *Papadelis v. Equifax Info. Servs.*, LLC, No. 1:05 CV 0177, 2005 WL 8169380, at *3 (N.D. Ohio Aug. 9, 2005) (dismissing FCRA claim because "there [was] no allegation that a consumer reporting agency notified any of the four remaining defendants of a dispute that would trigger the duty to undertake an investigation."); *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *13 (S.D. Ohio Sept. 27, 2011) (dismissing a complaint under the FCRA reasoning that the plaintiff failed to allege "that the Defendants received notice from a credit reporting agency of the dispute.") Because Wells Fargo had no duty to investigate, it did not violate the FCRA. Thus, Plaintiff's claim against Wells Fargo should be dismissed with prejudice.

**II.     Plaintiff's Complaint must be dismissed because Plaintiff does not sufficiently allege facts that the information furnished by Wells Fargo was inaccurate.**

Plaintiff does not allege the error or inaccuracy necessary to state a claim for a FCRA violation. Many courts—including those in the Sixth Circuit—have held that inaccuracy is a necessary element for a claim for failure to investigate under the FCRA. *See Shaw v. Equifax Info. Sols., Inc.*, 204 F.Supp.3d 956, 959 (E.D. Mich. 2016) ("Inaccuracy is an essential element of a claim for negligent or willful violation of the FCRA under section 1681s-2(b)." (citations omitted)); *Bailey v. Equifax Info. Servs., LLC*, No. 13-10377, 2013 WL 3305710, at *9 (E.D. Mich. July 1, 2013) ("[T]he Court grants FIA's motion [to dismiss] [because] Plaintiff has failed to make factual allegations that support her claims that FIA reported inaccurate or misleading information or had unreasonable procedures."); *see also Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37–38 (1st Cir. 2010) ("The FCRA is intended to protect consumers against the compilation and dissemination of inaccurate credit information.") (citation omitted).

Additionally, a consumer's belief that a report is erroneous is not enough under the FCRA to require a furnisher, such as Wells Fargo here, to "correct the information." *See Mendoza v. GE Capital Retail Bank*, SA-12-CA-226-XR, 2012 WL 1038754, at *3 (W.D. Tex. Mar. 27, 2012) ("Nothing in § 1681s–2(b) requires defendant to correct information simply because the consumer believes it is erroneous.") (citing *Bashore v. Resurgent Cap. Servs., L.P.*, 452 F. App'x 522, 524 (5th Cir. 2011)). A plaintiff must allege plausible facts providing a basis for the court to conclude the information was in fact inaccurate. Absent inaccuracies, a plaintiff's claim must fail. *Id.*

Here, Plaintiff does not, and cannot, allege that the 30-day and 60-day past due and owing marks were inaccurate. Plaintiff's Complaint alleges that, due to a mistake in providing account information, no payments were made to her Wells Fargo credit card for May 2018 and June 2018.

6

(Dkt. 1 ¶¶ 10-11). Plaintiff does not dispute that she provided an invalid account number when attempting to make a payment on May 10, 2018. Plaintiff also does not dispute that she made no payments for June 2018. Thus, Plaintiff cannot allege that the information furnished by Wells Fargo regarding the 30-day and 60-day past due and owing demarcations were inaccurate. The Complaint demonstrates that the information was accurate on its face. *See Garrett v. Trans Union, L.L.C.*, No. 2:04-CV-00582, 2006 WL 2850499, at *10 (S.D. Ohio Sept. 29, 2006) ("misleading or incomplete" information can still be accurate under the FCRA when "technically accurate") (citing *Dickens v. Trans Union*, 18 Fed.Apx. 315, 318 (6th Cir.2001)). Plaintiff's frustration with the credit report is not enough to warrant information inaccurate under the FCRA. *Mendoza*, 2012 WL 1038754, at *3 (customer's belief that report erroneous not enough). Because the information furnished by Wells Fargo was accurate, Plaintiff does not adequately plead a claim for a FCRA violations. Therefore, the claim against Wells Fargo must be dismissed.

**III.     Plaintiff's Complaint should be dismissed with prejudice because Plaintiff's own allegations establish that she cannot plead causation.**

To state a claim under the FCRA a plaintiff must adequately allege, among other things, that defendant's violation of the FCRA caused plaintiff's injury. *Watson v. Citi Corp.*, No. 2:07-CV-0777, 2009 WL 161222, at *9 (S.D. Ohio Jan. 22, 2009). The FCRA "does not create liability without causation. To bring a successful claim, the consumer must also show that she suffered injury as a result of any inaccurate information." *Ruffin-Aldaco v. RentGrow, Inc.*, 921 F.3d 685, 689 (7th Cir. 2019).

Here, Plaintiff cannot establish causation as a matter of law, because Plaintiff's Complaint alleges TransUnion and Equifax were both aware of the allegedly inaccurate information:

7

- Between March 2021 and July 2021, *Plaintiff initiated multiple disputes to Equifax and TransUnion* attempting to dispute the inaccurate and materially misleading payment history late notations. (Dkt. 1, ¶ 17) (emphasis added).

- Plaintiff ***provided*** Equifax with ***all relevant information*** in her request for investigation to reflect that she was not past due on the subject debt. (*Id.* ¶ 51) (emphasis added).

- Equifax violated [the FCRA] by failing to review and consider *all relevant information that it received from Plaintiff* with regard to the subject account. (*Id.* ¶ 56) (emphasis added).

- Despite ***actual knowledge*** that Plaintiff's credit file contained erroneous information, Equifax readily sold and disseminated Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness. (*Id.* ¶ 61) (emphasis added).

- Plaintiff ***provided*** TransUnion with ***all relevant information*** in her request for investigation to reflect that she was not past due on the subject debt. (*Id.* ¶ 76) (emphasis added).

- TransUnion violated [the FCRA] by failing to review and consider *all relevant information that it received from Plaintiff* with regard to the subject debt. (*Id.* ¶ 81) (emphasis added).

- Despite ***actual knowledge*** that Plaintiff's credit files contained erroneous information, TransUnion readily sold and disseminated Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness. (*Id.* ¶ 86) (emphasis added).

Since Plaintiff's allegations repeatedly admit that both Equifax and TransUnion were fully aware of the information that Wells Fargo allegedly should have provided, Plaintiff cannot establish that Wells Fargo caused her alleged damages. Plaintiff's Complaint shows that, regardless of whether Wells Fargo reported information, the Consumer Reporting Agencies would not remove the late payment mark from Plaintiff's credit report. Plaintiff cannot sufficiently allege that Wells Fargo is the "but for" cause of her injuries.

Courts frequently dismiss FCRA cases for lack of causation. *See Green v. U.S. Dep't of Educ.*, No. 2:21-CV-562, 2021 WL 858661, at *4 (S.D. Ohio Mar. 8, 2021), report and

recommendation adopted, No. 2:21-CV-562, 2021 WL 2580558 (S.D. Ohio June 23, 2021) (dismissing FCRA claim because "Plaintiff fails to plausibly allege the requisite causal link between Defendant's actions and Plaintiff's alleged injuries."); *Bates v. Credit Mgmt.*, No. 1:13 CV2316, 2014 WL 1775486, at *2 (N.D. Ohio Apr. 23, 2014) ("Without alleging any injury caused by the party responsible for assuring accurate consumer credit information, [the plaintiff] has failed to state a claim under the FCRA."); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474–75 (2d Cir. 1995) (finding that the district court properly "rejected [an FCRA claim] due to a lack of causation between the harm alleged ... [and the] alleged violations of the FCRA"); *Connor v. JPMorgan Chase Bank, N.A.*, No. 15 C 8601, 2016 WL 7201189, at *3 (N.D. Ill. Mar. 22, 2016) (dismissing FCRA claim for lack of causation); *Novak v. Experian Info. Sols., Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011) (same). Here, Plaintiff's claim against Wells Fargo must similarly be dismissed with prejudice because it does not adequately allege causation.

**IV.    Plaintiff's Complaint fails to state a claim for a willful violation of the FCRA because Plaintiff only brings conclusory and unsupported allegations.**

Even if Plaintiff stated a claim for a negligent violation of the FCRA—and she does not—she certainly does not state a claim for a willful violation. To state a claim for a willful violation of the FCRA, Plaintiff must sufficiently allege that Wells Fargo knowingly or intentionally violated the FCRA. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (allegations must provide "the minimum degree of detail necessary to begin a competent defense"); *Sterling v. Experian Info. Sols., Inc.*, No. 3:19-CV-2993, 2021 WL 4310597, at *6 (N.D. Ohio Sept. 22, 2021) (same). The Supreme Court has held that "willful" violations, for purposes of the FCRA, also include violations that result from a reckless disregard of the law. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007). An action is reckless only if it entails "'an unjustifiably

high risk of harm that is either known or so obvious that it should be known.'" *Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604, 610 (6th Cir. 2016) (quoting *Burr*, 551 U.S. at 68); *accord Ball v. Navient Sols.*, LLC, 1:16-CV-853-WKW-DAB, 2018 WL 1413393, at *5 (M.D. Ala. Jan. 19, 2018). There are no such allegations here.

Instead, Plaintiff's Complaint is devoid of facts showing Wells Fargo acted "willfully" or "recklessly." Plaintiff merely alleges, in conclusory fashion, that Wells Fargo "acted with reckless and willful disregard." (Dkt. 1 ¶ 42). Claims of willfulness and recklessness based on similarly conclusory allegations are routinely dismissed. *See Daniel v. Goodyear Tire/CBSD*, No. 18-1136, 2018 U.S. App. LEXIS 29345, at *5 (6th Cir. Oct. 17, 2018) ("Conclusory statements are not enough to support a FCRA claim for emotional distress."); *Yeska v. Experian Info. Sols., Inc.*, No. 16-12395, 2016 U.S. Dist. LEXIS 181503, at *16 (E.D. Mich. Dec. 21, 2016) ("In order to sufficiently plead a claim for willful violation of the FCRA, a plaintiff must provide more than conclusory allegations that amount to nothing more than a formulaic recitation of the elements.") (citing *Braun v. Client Servs, Inc.*, 14 F. Supp. 3d 391, 398 (S.D. N.Y. 2014)); *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 U.S. Dist. LEXIS 71585, at *8 (E.D. Mich. June 23, 2010) (dismissing FCRA claim where plaintiff's complaint "merely [made] conclusory allegations"). Plaintiffs have not and cannot put forth facts showing that Wells Fargo knowingly or intentional violated the FCRA or acted with reckless disregard of the law; thus, Plaintiff's claim against Wells Fargo for a willful violation of the FCRA should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Count I of Plaintiff's complaint against Wells Fargo with prejudice.

Dated:  June 8, 2022                                         Respectfully submitted,

                                                            **WELLS FARGO BANK, N.A.**

                                                            By:     /s/ Nicholas D. O'Conner
                                                                        *One of its Attorneys*

Nicholas D. O'Conner (Ohio 100807)
Abigail R. Van Hook (Illinois 6330578)
noconner@lockelord.com
abigail.vanhook@lockelord.com
**LOCKE LORD LLP**
111 S. Wacker Drive
Chicago, Illinois 60606
T: 312-443-0700

**CERTIFICATE OF SERVICE**

    I, Nicholas D. O'Conner, an attorney, certify that the foregoing was served upon all parties entitled to notice via the Court's Case Management/Electronic Files (CM/ECF) on June 8, 2022.

                        /s/ Nicholas D. O'Conner