IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. JOHNSON, | ) | CASE NO. 1:22cv513 |
| | ) | |
| Plaintiff, | ) | JUDGE BRENNAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WELLS FARGO BANK, NA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCHEDULING MEDIATION CONFERENCE**

Under Local Rule 16.6, the Honorable William H. Baughman, Jr., United States Magistrate Judge, will conduct a mediation conference on **08/26/22 at 11:00 AM** at the United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio, in Courtroom 10A.

**Presence of Lead Counsel and Parties/Persons with Authority**

The parties and lead counsel are hereby ordered to attend the conference. If a party is a legal entity, not an individual, a representative of the party with full settlement authority, as defined below, must attend the conference. The Court will not hold a mediation conference without all lead counsel and parties or party representatives with full settlement authority in attendance. In cases where a party requires authority from an insurer to settle the case, the party must ensure that a representative of the insurance company with full authority to settle the case attends the conference. If a party representative or representative of an insurer will be attending the mediation in compliance with this order, the lead counsel for the

party must file a notice thereof with the court. Such notice must contain the name, title, and address of that representative, and counsel in that notice must include the certification that the representative will have final settlement authority as defined by this order. Counsel must sign the notice, and such signature will have the force and effect provided by Federal Rule of Civil of Civil Procedure 11(b).

For a plaintiff, "full authority" means final authority to dismiss the case with prejudice and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's last demand. If a representative must make a telephone call or otherwise communicate with a person not in attendance to authorize a demand or offer, than that representative does not have full authority as required.

Failure of a party or party representative with full settlement authority to attend the conference may result in the imposition of sanctions. The parties, party representatives, and lead counsel must make arrangements to spend the entire day in the mediation conference, if necessary.

In advance of the mediation, counsel must provide a copy of this order to each party or party representative attending and must discuss with such persons the content thereof.

**Pre-Conference Requirements**

Mediation conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Prior to the mediation conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. On or before **08/05/22**, plaintiff's counsel must deliver to defendant's counsel and to the Court a written itemization of damages and a settlement demand with an explanation of why that demand is appropriate. On or before **08/12/22**, defendant's counsel must deliver to plaintiff's counsel and to the Court a written offer with an explanation of why that offer is appropriate.

On or before **08/19/22**, each party must deliver to the chambers of the Magistrate Judge a confidential mediation statement containing the following information:

- A list of all claims and defenses still pending;

- For each such claim and defense, a summary of what the evidence would show if the case proceeds to trial;

- For each plaintiff or counterclaiming defendant, an itemization of all damages claimed;

- For each defendant or plaintiff defending a counterclaim, an assessment of the damages claimed by the opponent;

- An outline of the settlement negotiations to date, including all demands and offers, the dates thereof, and the responses thereto (attach the written demand and offer provided for by this order);

- Counsel's candid evaluation of the settlement value of all pending claims;

- The estimated cost (including attorney fees) to complete discovery and trial preparation;

- The estimated cost (including attorney fees) to try the case to final judgment; and

- The identification of any obstacles or impediments that have prevented settlement before the conference.

Counsel must not file the demand, offer, or statements with the Clerk of Court. Counsel may transmit these statements to the Magistrate Judge by facsimile (216-357-7224) or e-mail (Baughman_Chambers@ohnd.uscourts.gov) to insure delivery by the dates required above. Counsel should confirm by telephone (216-357-7220) that the Court has received the facsimile or e-mail transmissions in readable form. The Magistrate Judge will maintain the confidentiality of all such statements.

    IT IS SO ORDERED.

Dated: 07/19/22　　　　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge