# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| PATRICIA A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-00513 |
| ) | |
| vs. ) | Judge: Hon. Bridget Meehan Brennan |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT WELLS FARGO'S MOTION TO ENFORCE SETTLEMENT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby moves to enforce the Settlement that it entered into with Plaintiff, Patricia A. Johnson ("Plaintiff").

### INTRODUCTION

This Court should enforce the binding settlement that Wells Fargo reached with Plaintiff nearly seven months ago, which she has refused to perform, despite repeated assurances that she would do so. Wells Fargo and Plaintiff reached a binding settlement in September of 2022. Shortly thereafter, Plaintiff filed a notice of settlement. (Doc. 36). Plaintiff, however, has violated that settlement by refusing to dismiss her claims against Wells Fargo with prejudice. Wells Fargo is now forced to incur additional—and avoidable—legal fees, simply because Plaintiff refuses to honor a binding settlement. For these reasons, explained further below, this Court should: (1) dismiss all claims against Wells Fargo with prejudice; (2) enforce the settlement between Wells Fargo and Plaintiff, and; (3) order Plaintiff to reimburse Wells Fargo for all the attorneys' fees, expenses, and costs incurred in filing this motion.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit against Wells Fargo and other defendants on March 31, 2022. (Doc. 1). Subsequently, Wells Fargo and Plaintiff reached a Settlement (the "Settlement") (Doc. 36). The terms of the Settlement are simple—Plaintiff agreed to dismiss her claims against Wells Fargo, ***with prejudice***, in exchange for good and valuable consideration. *See* **Exhibit A**, at 12-14. Indeed, on September 1, 2022, Plaintiff's counsel e-mailed Wells Fargo's counsel stating: "We're settled. I will file a Notice of Settlement shortly." *Id.* at 11-12. Plaintiff filed a "Settlement Notice as to Wells Fargo" on September 1, 2022, stating that Plaintiff and Wells Fargo "reached a settlement." (Doc. 36).

On September 7, 2022, this Court issued an order requiring the parties to file a "Stipulation and Order of Dismissal with Prejudice" by October 17, 2022. (Doc. 38). On September 19, 2022, Plaintiff sought an extension until November 3, 2022 to file this order. (Doc. 39). Plaintiff subsequently sought another extension until December 1, 2022 to file dismissal papers. (Doc. 40). To date, Plaintiff has not filed any dismissal papers, in violation of this Court's deadlines and of the Settlement.

Wells Fargo's counsel repeatedly and continuously followed up with Plaintiff's counsel from October 2022 to the present, asking Plaintiff to dismiss her claims against Wells Fargo with prejudice in accordance with the Settlement. Ex. A, at 1-12. Plaintiff, however, has refused to dismiss her claims against Wells Fargo with prejudice, forcing Wells Fargo to file this motion. *Id.*[1]

---

[1] It is worth nothing that the egregious delay appears to be on the part of the plaintiff and not plaintiff's counsel. Upon information and belief, plaintiff's counsel has worked diligently to secure the signatures needed for the dismissal.

2

## LEGAL STANDARD

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). In other words, "[i]t is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Brock v. Scheuner Corporation*, 841 F.2d 151, 154 (6th Cir. 1988). A settlement should be enforced when an "agreement has been reached on all material terms." *Id.* "Summary enforcement of a settlement agreement [without a hearing] has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." *Lovell v. Children's Corner Daycare*, No. 1:17-cv-01039-JDT-egb, 2018 WL 1476096, at *2 (W.D. Tenn. Jan. 23, 2018) (citing *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973)); *RE/MAX Intern, Inc. v. Realty One,* 271 F.3d 633, 646 (6th Cir. 2001).

## ARGUMENT

**I.     Plaintiff and Wells Fargo formed a binding and enforceable Settlement because they agreed to all material terms—a dismissal with prejudice in exchange for a payment.**

"Because settlement agreements are a type of contract, questions of their formation and enforceability are governed by state contract law." *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, 568 F. App'x 398, 401 fn. 2 (6th Cir. 2014) (quoting *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992)).[2]

---

[2] Ohio law governs the Settlement at issue here under a choice of law analysis because Ohio has the most "significant relationship" to the Settlement. Plaintiff and Wells Fargo settled a case pending in Ohio, the facts that gave rise to this litigation occurred in Ohio, the debt at issue was incurred in Ohio, Plaintiff is located in Oho, and Plaintiff was supposed to perform the Settlement by dismissing her claims in Ohio. (Doc. 29, ¶ 3). *See Nat'l Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150 (6th Cir. 1992) ("Ohio choice of law rules mandate that the law of the state with the more significant relationship to the contract should govern disputes arising from it.")

3

As with other contracts, a settlement is formed under Ohio law when there is "an offer and acceptance" of material terms. *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 734 (S.D. Ohio 2009) (citing *Noroski v. Fallet*, 2 Ohio St. 3d 77, 79 (1982)). "In Ohio, the authority to negotiate and settle a client's claim 'need not be express, but may be ascertained from the surrounding circumstances.'" *Rorick v. Silverman*, No. 1:14-CV-312,[3] 2017 WL 3124155, at *11 (S.D. Ohio July 24, 2017) (quoting *Elliott v. General Motors Corp.*, 72 Ohio App.3d 486, 488, 595 N.E.2d 463 (Ohio Ct. App. 1991). "But for this rule, prudent litigants could not rely on opposing counsel's representation of authorization to settle. Fear of a later claim that counsel lacked authority to settle would require litigants to go behind counsel to the opposing party in order to verify authorization for every settlement offer." *Capital Dredge & Dock Corp. v. City of Detroit*, 800 F.2d 525, 531 (6th Cir. 1986). "Under Ohio law, 'settlement agreements are highly favored.'" *All. Env't, Inc. v. Harrison W. Const. Corp.*, 94 F.3d 644 (6th Cir. 1996) (citing *Continental West Condo v. Howard E. Ferguson, Inc.*, 74 Ohio St. 3d 501, 502 (1996)).

Here, the correspondence attached as Exhibit A demonstrates that Plaintiff and Wells Fargo reached a Settlement. The relevant timeline is as follows:

- On August 25, 2022, Plaintiff's counsel agreed to accept a cash payment and certain other consideration in exchange for the dismissal of Plaintiff's claims against Wells Fargo with prejudice. Ex. A, at 14.

- On August 26, 2022, counsel for Wells Fargo responded: "Wells Fargo is willing to pay Plaintiff [a cash amount certain]. Wells Fargo is not willing to make a tradeline deletion or update of any kind. This offer is open until September 9, 2022. If Plaintiff does not accept this offer by then, the offer will be withdrawn and Wells Fargo will not make any offer to settle this case." *Id.*

- On September 1, 2022, Plaintiff's counsel stated: "We're settled. I will file a Notice of Settlement shortly." *Id.* at 11-12. Plaintiff filed a Notice of Settlement on that day. (Doc. 36).

---

[3] Report and recommendation adopted, No. 1:14-CV-312, 2018 WL 1532600 (S.D. Ohio Mar. 29, 2018)

4

These undisputed communications demonstrate that Plaintiff and Wells Fargo agreed to all the terms that were necessary to reach the Settlement—dismissal with prejudice in exchange for a payment.[4]  *See Rubel v. Lowe's Home Centers, Inc.*, 597 F. Supp. 2d 742, 745 (N.D. Ohio 2009) (settlement was enforceable because client authorized lawyer to enter into settlement negotiations, which was legally sufficient to bind client to settlement).  For all these reasons, this Court should enforce the Settlement, and should dismiss Plaintiff's claims against Wells Fargo with prejudice.

**II.      Plaintiff should be ordered to reimburse Wells Fargo for all the attorneys' fees, expenses, and costs incurred in drafting and filing this motion.**

"Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of a settlement agreement makes litigation necessary, even where none of the exceptions to the American Rule have been shown."  *Rohrer Corp. v. Dane Elec Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012).  "Attorney's fees as compensatory damages are available" under Ohio law" when a party files "a motion to enforce settlement before the original trial court."  *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-CV-1298, 2018 WL 1127653, at *4 (N.D. Ohio Mar. 2, 2018) (citing *Wehr v. Petraglia*, 65 N.E.3d 242, 254–56 (Ohio Ct. App. 2016)).  When it comes to settlements, "'the end of litigation is an essential component of the consideration exchanged as part of the settlement."  Further, "one of the express 'benefits of the bargain' is the lack of litigation expenses.  Thus, Ohio courts say, awarding attorney's fees is the only way to make a non-breaching party whole."  *Total Quality Logistics, LLC v. Ackiss*, No. 1:20-CV-606, 2022 WL 4069310, at *3 (S.D. Ohio Sept. 2, 2022) (collecting cases).

---

[4] Wells Fargo is willing to provide for *in camera* review an un-redacted version of Exhibit A that includes the amounts agreed by Plaintiff and Wells Fargo.

5

Here, "the lack of litigation expenses" after the Settlement was reached was one of the central "benefits of the bargain." Thus, "the only way to make" Wells Fargo "whole," is to order Plaintiff to reimburse Wells Fargo for all attorneys' fees and costs incurred in filing this motion.

## CONCLUSION

For the foregoing reasons, this Court should enforce the Settlement, and should dismiss Plaintiff's claims against Wells Fargo with prejudice. Further, Plaintiff should be ordered to reimburse Wells Fargo for all the attorneys' fees and costs incurred by Wells Fargo in filing this motion. Once this Court enters an order enforcing the Settlement and awarding attorneys' fees, Wells Fargo will submit documents identifying the costs incurred due to being forced to file this motion. Wells Fargo's attorneys' fees and costs are ongoing.[5]

Dated: April 5, 2023

                                                    Respectfully submitted,

                                                    **WELLS FARGO BANK, N.A.**

                                                    By: /s/ Nicholas D. O'Conner
                                                           *One of its Attorneys*

Nicholas D. O'Conner (Ohio 100807)
Abigail R. Van Hook (Illinois 6330578)
noconner@lockelord.com
abigail.vanhook@lockelord.com
**LOCKE LORD LLP**
111 S. Wacker Drive
Chicago, Illinois 60606
T: 312-443-0700

---

[5] As shown by exhibit A hereto, counsel for Wells Fargot met and conferred with Plaintiff's counsel numerous times from October of 2022 until late March of 2023. However, despite multiple follow up communications, Plaintiff refuses to dismiss her claims against Wells Fargo with prejudice, and refuses to honor the Settlement. Plaintiff left Wells Fargo no choice but to file this motion to enforce the Settlement.

6

## **CERTIFICATE OF SERVICE**

    I, Nicholas D. O'Conner, an attorney, certify that the foregoing was served upon all parties entitled to notice via email on April 5, 2023

                                         /s/ Nicholas D. O'Conner