UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA JOHNSON, | ) | CASE NO. 1:22-cv-00513 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WELL FARGO BANK, NA, et al., | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before this Court is Defendant Wells Fargo Bank, NA's ("Wells Fargo") motion to enforce settlement. (Doc. No. 41.) An evidentiary hearing was held on June 15, 2023, to allow the parties to present evidence related to this motion. (6/15/2023 Non-Document Minute Order.) For the following reasons, this motion is GRANTED, and Plaintiff's claims against Wells Fargo are hereby DISMISSED *with prejudice*.

By way of background, Plaintiff initiated this action against Defendants Equifax Information Services, LLC ("Equifax"), Transunion, LLC ("Transunion"), and Wells Fargo on March 31, 2022. (Doc. No. 1.) On June 3, 2022, Plaintiff filed a notice of settlement with Equifax. (Doc. No. 17.) Plaintiff filed a notice of settlement with Transunion on June 21, 2022. (Doc. No. 24.) Finally, on September 1, 2022, Plaintiff filed a notice of settlement with Wells Fargo. (Doc. No. 36.) After receiving these notices, the Court ordered Plaintiff to file

stipulations and proposed orders dismissing her claims against these Defendants *with prejudice* by specified dates.  (Doc. Nos. 18, 26, & 38.)  Her counsel filed numerous motions for extensions of these deadlines.  (Doc. Nos. 34, 37, & 39-41.)  No such stipulations and proposed orders have been filed.

Wells Fargo's motion seeks to enforce the agreement reached between it and Plaintiff – most notably, Plaintiff's obligation to dismiss her claims *with prejudice*.  (Doc. No. 41 at PageID 158.)  In response, Plaintiff's counsel represents that it does not disagree with the arguments advanced by Wells Fargo in its motion.  (Doc. No. 44 at PageID 187.)  One of Plaintiff's counsel of record, Attorney Marwan Daher, also filed a motion to withdraw on behalf of himself and all counsel of record.  (Doc. No. 43.)  On April 28, 2023, the Court noticed that it would hold an evidentiary hearing via Zoom on June 15, 2023, to address Wells Fargo's enforcement motion.  (4/28/2023 Non-Document Order.)  Parties and lead counsel were ordered to attend.  (*Id.*)

After the hearing was set to begin, and after Plaintiff failed to appear, the Court's Courtroom Deputy contacted Plaintiff by phone.  Plaintiff acknowledged being aware of the hearing and having the information attend the Zoom hearing.  Notwithstanding, Plaintiff refused to appear.  At the hearing, the Court granted the motion to withdraw.  (6/15/2023 Non-Document Minute Order.)  Wells Fargo's counsel called Attorney Daher to testify under oath.  (*Id.*)

The Court considers Wells Fargo's motion, the exhibits attached thereto, and Attorney Daher's testimony in considering whether to enforce the settlement agreement.

Settlement agreements are contracts.  *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, 568 F. App'x 398, 401 n.2 (6th Cir. 2014).  Questions surrounding their formation and enforceability are thus governed by state law.  *Id.*  The parties agree that Ohio law governs this

dispute. (Doc. No. 41 at PageID 160 n. 2; *see also* Doc. No. 44 (not contesting that Ohio law governs).)

Under Ohio law, parties form an enforceable contract when there is a meeting of the minds on all essential terms. *E.g.*, *Bank of New York Mellon v. Rhiel*, 122 N.E.3d 1219, 1225 (Ohio 2018). The Court finds that the emails attached to Wells Fargo's motion and Attorney Daher's testimony show that a meeting of the minds on all essential terms of the settlement occurred on September 1, 2022. On this date, Attorney Daher responded to Wells Fargo's email, which clearly and specifically outlined the essential terms of a settlement that Wells Fargo would agree to, stating, "We're settled. I will file a Notice of Settlement shortly." (Doc. No. 41-1 at PageID 177-79.) Attorney Daher testified that he did, in fact, send this email and that this email expressed his intent to enter into an enforceable agreement. At this point, there was a meeting of the minds on all essential terms.

The only remaining issue is whether Attorney Daher had such authority. The testimony at the evidentiary hearing undoubtedly establishes that the answer is yes.

"Under Ohio law, an agent, acting within the scope of his actual authority, expressly or impliedly conferred, can bind the principle. Because the relationship of attorney to his client is that of agent to principal, an authorized attorney may settle claims on his client's behalf." *Rubel v. Lowe's Home Centers, Inc.*, 597 F. Supp. 2d 742, 744 (N.D. Ohio 2009) (cleaned up). An attorney is authorized to bind her client to a settlement agreement if the client either expressly authorized her to settle the case or to engage in settlement discussions. *Id.* at 745-46.

The Court finds that Attorney Daher had authority to bind his client. At the hearing, Attorney Daher testified that his client gave him authority to negotiate and settle claims with all Defendants. He represented that his client expressly authorized him to enter into agreements

with Equifax and Transunion.  Concerning Wells Fargo, he testified that he had express authorization to negotiate on Plaintiff's behalf and that he was expressly authorized to accept Wells Fargo's offer.  Moreover, he stated that Plaintiff never revoked this authority prior to him to sending the "We're settled" email to Wells Fargo's counsel on September 1, 2022.  Accordingly, on September 1, 2022, Attorney Daher, using the actual authority given to him by Plaintiff, bound Plaintiff to an enforceable agreement.

Put simply, the Court enforces the settlement agreement because it finds the testimony of Attorney Daher credible and consistent with all his previous representations to this Court.  In his response to Well Fargo's enforcement motion, Attorney Daher represented that he believed a valid agreement was formed between Plaintiff and Wells Fargo.  (Doc. No. 44 at PageID 187.)  His testimony at the evidentiary hearing established just that.  The fact that Plaintiff is now unhappy with the settlement terms does not, as a matter of law, render the settlement agreement unenforceable.  *Patel v. Lowes Home Centers, Inc.*, No. 2:05-cv-0775, 2007 WL 544049, at *6 (S.D. Ohio Feb. 16, 2007) (noting that settlement agreements are enforceable even if the terms are unacceptable to the client).

As a final note, at the evidentiary hearing and in its motion, Wells Fargo suggested that it should be awarded the attorney fees associated with enforcing the settlement agreement.  (Doc. No. 41 at PageID 162.)  Wells Fargo is correct that Ohio law empowers courts to award attorney fees when a party refuses to comply with the terms of a settlement agreement.  *Rohrer Corp. v. Dane Elec. Corp. USA*, 482 F. App'x 113, 117 (6th Cir. 2012).  But it is within the Court's discretion to do so.  *See id.* (reviewing district court's decision to award attorney fees for abuse of discretion); *see also Raymond J. Schaefer, Inc. v. Pytlik*, 2010-Ohio-4714, 2010 WL 3820552, at *7 (Ohio Ct. App. 2010) (reviewing lower court's decision to grant attorney fees for failure to

comply with contract under the abuse of discretion standard). Given the equities of this case, the Court declines to award attorney fees.

**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: June 15, 2023